KENDALL B. RANDOLPH, Respondent, v. ST. JO-
SEPH, STANBERRY & NORTHERN RAILWAY
COMPANY, Appellant.

### Kansas City Court of Appeals, May 7, 1906.

1. **CONTRACTS: Auxiliary Railroad: Attorney's Services Ren-
dered to: Evidence: Action.** An attorney employed by a rail-
road may charge for services in procuring from the city coun-
cil a franchise for another railroad where the facts show that
the latter is a part of the system of the former.

2. ————: ————: ————: ————: **Other Action.** Under the facts,
   *held,* that a petition in another suit by the plaintiff against the
   promoters of the defendant railroad was properly excluded,
   since said petition did not show the item in dispute and it was
   denied by the plaintiff and the petition did not tend to have
   the effect contended by the defendant.

Appeal from Buchanan Circuit Court.—*Hon. Chesley
A. Mosman,* Judge.

AFFIRMED.    •

*Eastin, Corby & Eastin* for appellant.

(1)    The court erred in excluding the petition in
the case of Kendall B. Randolph v. Alice M. Butler and
George C. Sims.    The evidence was material and rele-
vant and admissible under the general denial.    Turner
v. Thomas, 10 Mo. App. 338; Greenway v. James, 34 Mo.
326; Corby v. Weddle, 57 Mo. 452; White v. Middle-
worth, 42 Mo. App. 373; Madison v. Missouri Pacific Ry.
Co., 60 Mo. App. 606; Jones v. Rush, 156 Mo. 371; Clem-
ens v. Knox, 31 Mo. App. 199; Wilkerson v. Farnham,
82 Mo. 672. (2) The testimony of Mr. Sims and Mrs. But-
ler showed or tended to show that from the beginning the
services rendered by the plaintiff constituted a continu-
ous series of transactions.    (3)    The burden was upon
the plaintiff to prove the implied promise on the part of

the defendant to pay this item. The most diligent search of the record fails to disclose a word or an act that would authorize the conclusion that the defendant agreed to pay it. There was a total failure of proof and the instruction should have been given.

*D. C. Reeves* and *W. H. Haynes* for respondent.

(1) It is contended that the petition in the case of Kendall B. Randolph v. Alice M. Butler and George C. Sims should have been submitted to the consideration of the jury. As shown by the additional abstract furnished by respondent the respondent was cross-examined as to the items of the suit against Alice M. Butler and George C. Sims. By referring to the petition in that case it will be noticed that none of the items charged for in that petition were embraced in the petition in the case at bar. (2) That petition in no manner could throw any light upon the issue as to whether or not the services sued for were performed, or as to their value, or as to whether or not they were performed for the defendant company.

BROADDUS, P. J.—This is a suit against defendant for services alleged to have been rendered by the plaintiff in his professional capacity as a lawyer. He claims compensation for such services rendered on July 7, 8 and 9, 1904, in preparing a form of contract for right of way for defendant company's proposed railroad, option contracts, and forms for deeds, and superintending the printing of the same, which he alleges were of the value of $150; that in July, 1904, he appeared before the streets and alleys committee of the council of the city of St. Joseph, Missouri, on behalf of defendant, where he rendered services of the value of $15; that in July, 1904, he appeared before the commercial club of said city and made an argument for the defendant, which services he

alleges were of the value of $20; that at the request and on its behalf, he prepared an ordinance for a franchise from the northeast part of the city to Twelfth street and down the same, and other streets, and presented the same to the city council of said city, which he alleges was reasonably worth $150; that on October 28, 1904, he prepared two forms of option contracts for the use of one, Fred Roth, in buying city right of way, the same to be used for and on behalf of defendant, of the alleged value of $25; that in November, 1904, he prepared a petition and order for a right of way across the roads on the right of way of the defendant's proposed railway through Buchanan county for presentation to the county court of said county, which were of the alleged value of $25; that he also prepared a similar petition to be presented to the county court of Gentry county, of the alleged value of $25; that on December 1, 1904, he prepared a similar petition to be presented to the county court of Andrew county, of the alleged value of $50; that in January, 1905, plaintiff consulted and advised with defendant's officers in regard to the form of a franchise across streets and alleys in the city of St. Joseph, of the alleged value of $50; and that on January 6, 1905, he consulted with defendant's officers one-half day in reference to certain troubles, which services he alleges were of the value of $20.

It is admitted by defendant that plaintiff's proof, except as to one item, tended to show that the services for which he sues were preformed at the request of defendant's officers. The exception is the claim for services of the value of $150 for preparing an ordinance for right of way on Twelfth street and other streets of St. Joseph and presenting the same to the city council of the city of St. Joseph. This ordinance was for the purpose of connecting what was known as the St. Joseph Interurban Railroad, a street car company, with the defendant's railroad. It was shown that the former company was incorporated on June 17, 1904, and the latter

on July 9th of the same year. Among the incorporators of each were Alice Butler and George Sims. Samuel F. Moore was one of the incorporators of the defendant company. The said Butler, Sims and Moore seemed to be the active promoters of these two companies. And there is no question but what the Interurban Railroad and the defendant railroad, although being promoted under different names, were really and in fact to constitute one continuous line of railroad. The evidence tends to show that plaintiff's services in the disputed item, in procuring the franchises for the Interurban company were rendered at the request of said named promoters. The plaintiff on cross-examination was asked: "When did you make the charge to the St. Joseph, Stanberry & Northern, if this was the Interurban?" He answered: "I told you once that the Interurban was organized for the purpose of building the passenger end of the line into and over the streets of St. Joseph. It was part of the system of the St. Joseph, Stanberry & Northern." He was then asked: "Who employed Mr. Randolph to do that?" Answer: "Well, Mrs. Butler asked me to draw it. I talked with Mr. Moore about it, and I talked with Mr. Sims about it."

It seems to us that under the state of facts proven, it was competent for the plaintiff to charge defendant with the value of his services rendered in procuring the franchise for the Interurban Railroad as it was a part of the system of defendant's railroad, as they were one and the same.

The defendant introduced evidence tending to show that Mrs. Butler had a contract with plaintiff, by which he was to have for all his services in behalf of the enterprise the sum of one thousand dollars; and further, offered the petition in a case he had pending in said Buchanan Circuit Court against Mrs. Butler and another, wherein he claims $1,250 for legal services, in which defendant asserts said $150 is included. The plaintiff testified that he had no such contract and that the disputed

item was not included in said suit. The court refused the offer. Upon inspection of said petition, we fail to find the item in dispute included therein. But defendant insists that it should have been admitted for the reason that it would have been confirmatory of defendant's evidence that plaintiff had such contract with Mrs. Butler and other promoters. We do not think the said petition would tend in the remotest manner to the effect contended for by defendant.

For the heason given, there was no error in refusing defendant's eleventh instruction. And so, for the same reason, the defendant's ninth instruction was properly refused. We have carefully gone over the record in this case and are impressed with the conviction that the defendant's theories are without merit. The plaintiff proved, not only that he rendered the services, but their value by unimpeachable witnesses and we believe that substantial justice was done.

Affirmed. All concur.